IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  )  Plaintiff,  )  )  vs.  )  )  TIMOTHY COLLIER,  )  )  Defendant.  ) | Case No. 13-CR-30266-MJR |

### MEMORANDUM AND ORDER

**REAGAN, Chief Judge**:

Following his November 20, 2013 indictment, Timothy Collier (Defendant) proceeded to jury trial commencing Monday, November 3, 2014 on the following charges:

**Count 1** -- April 25, 2013, interfering with commerce by robbery at the East St. Louis Jewelry and Loan, in violation of 18 U.S.C. 1951;

**Count 2** -- April 25, 2013, knowingly using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(c)(1)(A);

**Count 3** -- April 25, 2013, felon in possession of a firearm in or affecting commerce, in violation of 18 U.S.C. 922(g)(1);

**Count 4** -- July 12, 2013, while aided by Roderick Taylor and Charmonequette Reynolds, interfering with commerce by robbery at the Arena Liquor Store, in violation of 18 U.S.C. 1951; and

**Count 5** -- July 12, 2013, knowingly using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(c)(1)(A).

During the direct examination of Government witness Stephanie "Denise" Taylor (a longtime on-again off-again girlfriend of Defendant) on Friday, November 7, 2014, testimony was elicited that: (a) in February or March of 2013, Defendant (who had been out of Stephanie's life for some time, despite at one time being engaged to her) contacted Stephanie; (b) Stephanie had bought him new clothes; (c) she took those with her, got in car, and went to meet Defendant; and (d) when she picked him up, Defendant had some "papers" with him. Defense counsel sought a mistrial, arguing that the jurors surely had concluded from this line of questioning that Defendant had been incarcerated prior to the charges in this case, which the jury was not supposed to know (and could now conclude defense counsel had tried to hide from them). Defense counsel asserted that this questioning violated the Court's pretrial *in limine* ruling (Doc. 53, p. 1):

> **Doc. 41 – Defendant's Second Motion in Limine:**
> **Granted in part,** consistent with the parties' *Old Chief* stipulation as to Defendant's prior felony conviction, and the Government's agreement to not introduce other portions of Defendant's criminal history. **Denied in part** (in the context of impeachment evidence if Defendant testifies) as to three convictions discussed by counsel, specifically including 2008 attempted burglary charge.

The Government countered that it was important to understand Stephanie's testimony in the context of all the evidence in the case; that the clothing Stephanie saw Defendant wearing when she picked him up was relevant (as to what the robber was wearing in the still photo of the pawn shop robbery); that the testimony about Defendant being "out of town" occurred in the context of a long-term dating relationship during which Stephanie traveled back and forth from Milwaukee to the

Metro East area and Defendant was in and out of town; that the word "prison" was not stated; and that it was speculative to assume the jurors construed her comments to mean Defendant had been in prison previously.  The Court took the motion for mistrial under advisement and permitted counsel to submit research over the intervening weekend.

Defendant submitted *United States v. Sands,* **899 F.2d 912 (10th Cir. 1990)**, *cert. denied,* **506 U.S. 1056 (1993) (district court erred in denying mistrial where evidence against defendant was not overwhelming and references to defendant's past incarceration were not vague, passing in nature or isolated comments).**  The Government submitted *United States v. Deandrade,* **600 F.3d 115 (2nd Cir.),** *cert. denied,* **559 U.S. 1102 (2010) (brief reference to defendant's incarceration did not "impair the presumption of innocence to such an extent that a mistrial is required"),** and *United States v. Lane,* **591 F.3d 921, 927 (7th Cir. 2010),** *cert. denied,* **559 U.S. 1043 (2010) (testimony by government witness that defendant was "in and out of jail" and "incarcerated" was improper but, evaluated in context of evidence as a whole, did not require court to sua sponte declare mistrial).**  The Court heard argument from counsel on the motion on Monday, November 10, 2014 and reserved ruling on the motion.

As stated on the record when trial resumed on November 12, 2014, the undersigned **DENIES** Defendant's oral motion for mistrial herein.  The law of this Circuit provides that a mistrial is appropriately granted only when "an event during trial has a real likelihood of preventing a jury from evaluating the evidence fairly and accurately, so that the defendant has been deprived of a fair trial."  *United States v.*

*Powell,* **652 F.3d 702, 709 (7th Cir. 2011),** *citing United States v. Tanner,* **628 F.3d 890, 898 (7th Cir. 2010),** *cert. denied,* **132 S. Ct. 204 (2011).**

The statements made by Stephanie Taylor referencing Defendant's prior incarceration did constitute improper testimony but did not create a likelihood of preventing the jury from fairly assessing the evidence and did not deprive Defendant of a fair trial herein. The Court gave a preliminary jury instruction prior to trial regarding the presumption of Defendant's innocence (Defendant's Instruction 38 – 7th Circuit Pattern Instr. 10.03), and a follow-up instruction at the conclusion of the evidence regarding the presumption of Defendant's innocence (USA's Instruction 3 – 7th Circuit Pattern Instr. 1.03). Furthermore, the Court gave a curative instruction, drafted by defense counsel, with no objection thereto by the Government, regarding the reference to Defendant's prior incarceration (Defendant's Instruction 47).[1]

As the Seventh Circuit Court of Appeals emphasized in *United States v. Roux,* **715 F.3d 1019, 1029 (7th Cir. 2013),** in which a government witness testified to "jail calls" made by the defendant**:**

> The disclosure [that defendant had been incarcerated previously] was indeed unfortunate, although it appears to have been inadvertent…. The jury was properly instructed as to the presumption of innocence in both the initial and final jury instructions. The one-time disclosure that [defendant] had been in jail prior to trial gives us no reason to doubt that the jury honored that presumption. *See United States v. Johnson,* **624 F.3d 815, 821-22 (7th Cir. 2010)….**

---

[1] And the Court gave, with no objection from Defendant, a modified 7th Circuit Pattern Instruction 3.11 (USA's Instruction 17), which properly circumscribed the jury's consideration of Defendant's prior conviction.

Additionally significant here is the fact that the Defendant executed and the jurors received a *stipulation* relating to Count 3, the felon-in-possession charge. That stipulation (USA Exhibit 212) read, in part: "Prior to April 25, 2013, Timothy R. Collier was convicted of a felony offense punishable by a term of imprisonment exceeding one year."[2] Clearly, the jurors knew from that stipulation that Defendant Collier had been subject to a term of imprisonment from the commission of a felony, and they likely concluded therefrom that he had *served* a prison term, lessening any prejudicial effect from the limited disclosure via witness Stephanie Taylor's testimony that he had been incarcerated previously.

The Court finds, in the context of the totality of the voluminous evidence adduced at trial (including hundreds of exhibits and over two dozen witnesses) and given the stipulations entered and jury instructions given, that the brief disclosure of Defendant's prior incarceration did not undermine the presumption of evidence, did not prevent the jury from fairly weighing the evidence, and did not imperil Defendant's right to a fair trial. The evidence against Defendant as to all five counts was overwhelming, and his crimes were captured on videotape. There is no manifest necessity supporting declaration of a mistrial and subsequent retrial of Defendant. **See, e.g., United States v. Warren, 593 F.3d 540, 544-45 (7th Cir.), cert. denied, 131 S. Ct. 428**

---

[2] Introduction of evidence of Defendant's prior incarceration was error. But the curative instruction tendered by defense counsel and given by the Court (Defendant's Instruction 47), which informed the jury that Defendant's prior incarceration was for a *drug* offense, went even further than the stipulation and precluded any possible speculation that Defendant had committed a prior robbery or crime of violence.

**(2010) (courts have authority to discharge a jury from giving a verdict only when, taking all the circumstances into consideration, there is manifest necessity to do so or the ends of public justice otherwise will be defeated).** Accordingly, Defendant's motion for mistrial was denied.

    IT IS SO ORDERED.

    DATED November 13, 2014.

                                                **s/ Michael J. Reagan**
                                                Michael J. Reagan
                                                United States District Judge