IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cr-30266-MJR |
| ) | |
| TIMOTHY COLLIER, ) | |
| ) | |
| Defendant. ) | |

### ORDER ON MOTION FOR VOIR DIRE TRANSCRIPTS

REAGAN, District Judge:

Following a seven-day trial in November 2014, Timothy Collier was convicted of five charges stemming from two armed robberies. The five counts of conviction included two charges of interference with commerce by robbery, two counts of using and carrying a firearm during a crime of violence, and one count of felon in possession of a firearm. In August 2015, the undersigned sentenced Collier to life plus 900 months in prison. In addition to orally explaining the reasons for the stiff sentence at the hearing, the undersigned detailed his reasoning in a 35-page sentencing memorandum (Doc. 130) which characterized Collier's offenses as exceptionally heartless.

Collier immediately appealed. The United States Court of Appeals for the Seventh Circuit appointed counsel (Daniel P. Albers of Barnes & Thornburg) to represent Collier on appeal (see Doc. 161). The appeal is still pending before the Seventh Circuit. A check of the PACER docket sheet reveals that Collier's attorney filed an *Anders* brief, and the Court of Appeals has directed Collier to respond thereto.

1

An April 19, 2016 Order relating to Collier's response states that to the extent Collier needs a transcript of the voir dire proceedings from trial in order to respond, he "must file a motion in the district court." Recognizing that the voir dire proceedings were not included in the transcript of Day 1 (*see* Doc. 160, p. 2), the Court of Appeals added: "the appellant should seek a special order of the district court in a motion that explains why he believes transcription is necessary" (Appeal No. 15-2657, Doc. 46).

On May 9, 2016, Collier did so. Asserting that the "racial make-up of his jury pool was not derived from a fair-cross-section of the community," Collier asks that the voir dire proceedings be transcribed, and that the court furnish that transcript plus any related paper (Doc. 169, p. 1).

Given the Court of Appeals' April 19, 2016 Order and the fact that Collier has articulated a reason supporting his request (in conjunction with the response he needs to file in the appeal), the undersigned **GRANTS** the May 9, 2016 motion as follows (Doc. 169). As promptly as possible, the court reporter **SHALL PREPARE** a transcript of the voir dire from Friday, October 29, 2014.[1] If any juror was referred to by *name* rather than juror number (which accidentally occurs on occasion), the court reporter **SHALL REDACT** the name only. There also is a minute entry from the day of jury selection (Doc. 58), which shows the time voir dire occurred and the number of jurors called, challenged, and selected. The Clerk's Office **SHALL PROVIDE** a copy of Doc. 58 to Defendant Collier with this Order.

---

[1] The court reporter for the October 29, 2014 jury selection was Barbara Kniepmann (phone: 618-482-9482).

2

IT IS SO ORDERED.

DATED May 10, 2016.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge
